

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MATTHEW RICE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:24-5953-MGL |
| | § | |
| NURSE A. GORDON, NURSE TIDWELL, | § | |
| and SGT. JAQUEESE, | § | |
|     Defendants. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, TO THE EXTENT PROVIDED HEREIN, DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE AND TO FOLLOW A COURT ORDER, AND RENDERING AS MOOT THE MOTION FOR SUMMARY JUDGMENT

Plaintiff Matthew Rice (Rice), who is self represented, filed this 42 U.S.C. § 1983 lawsuit against Defendants Nurse A. Gordon (Gordan), Nurse Tidwell (Tidwell), and Sgt. Jaqueese (Jaqueese) (collectively, Defendants).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Alternatively, the Magistrate Judge suggests Jaqueese be dismissed without prejudice, because Rice failed to timely serve him. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 17, 2025, but Rice failed file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation.'"  *Diamond v. Colonial Life &Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein.  It is therefore the judgment of the Court this action is **DISMISSED WITH PREJUDICE** as to Gordan and Tidwell for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Thus, their motion for summary judgment is necessarily **RENDERED AS MOOT**.

Concerning Jaqueese, the Magistrate Judge directed Rice, as is applicable here, "to advise the court whether he wishe[d] to continue with his case against Defendants . . . by Thursday, November 6, 2025. [Rice was]  further advised[,] . . . if he fail[ed] to respond, this action against Defendants [would] be recommended for dismissal with prejudice for failure to prosecute, thereby ending [Rice's] case."  October 7, 2025, Order at 1-2 (emphasis omitted).

Rice failed "to advise the court whether he wishe[d] to continue with his case against Defendants . . . by Thursday, November 6, 2025." *Id*.

Thus, Rice's claims against Jaqueese are **DISMISSED WITHOUT PREJUDICE** based on his failure to abide by the Court's October 7, 2025, Order. *See Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) ("As provided by Rule 41(b), . . . involuntary dismissals are appropriate when 'the plaintiff fails to . . . comply with . . . a court order.'"); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte . . . has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted) (footnote omitted)).

**IT IS SO ORDERED**.

Signed this 8th day of October, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Rice is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.